1
2
3
4
5
6
7
8
9        IN THE UNITED STATES DISTRICT COURT

10        FOR THE NORTHERN DISTRICT OF CALIFORNIA

11

12   MICHAEL W. WARD, H-26802,            )
                                          )
13              Petitioner,               )        No. C 11-1714 CRB (PR)
                                          )
14        vs.                             )        ORDER DENYING PETITION
                                          )        FOR A WRIT OF HABEAS
15   TIM VIRGA, Warden,                   )        CORPUS
                                          )
16              Respondent.               )
     _____ )
17

18        Petitioner, a state prisoner at California State Prison, Sacramento, seeks a

19   writ of habeas corpus under 28 U.S.C. § 2254 challenging a conviction and

20   sentence from Santa Clara County Superior Court.  For the reasons that follow,

21   the petition will be denied.

22                          STATEMENT OF THE CASE

23        On January 26, 2007, petitioner was convicted by a jury of possession of a

24   firearm by a person convicted of a violent felony, possession of ammunition by a

25   person prohibited from possessing a firearm and possession for sale of marijuana.

26   The court also found true allegations that petitioner had suffered three prior strike

27   convictions and had served two prior prison terms.  On August 31, 2007, the trial

28   court sentenced petitioner to 52 years to life in state prison.

1    On February 6, 2009, the California Court of Appeal affirmed the

2 judgment of the trial court and, on April 29, 2009, the Supreme Court of

3 California denied review.  The California courts also denied petitioner's requests

4 for collateral relief.

5    On April 4, 2011, petitioner filed the instant federal petition for a writ of

6 habeas corpus under § 2254.

7    On May 11, 2011, the court found that the petition, liberally construed,

8 stated cognizable claims under § 2254 and ordered respondent to show cause why

9 a writ of habeas corpus should not be granted.  Respondent has filed an answer to

10 the order to show cause and petitioner has filed a traverse.

11    **STATEMENT OF FACTS**

12    The California Court of Appeal summarized the facts of the case as

13 follows:

14       . . . . On January 16, 2006, San Jose police officers searched
room 28 at the AAA motel in San Jose and discovered a plastic
15       ammunition container.

16       Upon searching appellant, Officer Brasil found a room key
for room 28 and a cell phone with the image of a marijuana leaf on
17       it. The motel clerk testified that he rented room 29 to appellant on
January 13, 2006. On January 15, 2006, appellant moved to room
18       28. Appellant paid for room 29 and room 28 each day from January
13 through January 16, 2006. Appellant had two pieces of luggage
19       with him when he checked into the motel. The woman who was
with him had a backpack.
20
       Upon searching room 28, inside a duffel bag found in a
21       closet area, Officer Brasil discovered a digital scale, approximately
35 small plastic baggies of a type commonly used to package
22       controlled substances, a radio scanner, ski mask and two pieces of
paper with appellant's name on them.
23
       Inside a vent above the shower in the bathroom, Officer
24       Corbin found a .22-caliber semi-automatic handgun with two
rounds of ammunition in the magazine, and approximately seven
25       grams of marijuana. Officer Corbin also found part of a plastic
baggie in the toilet.
26
       At trial, Officer Brasil opined that the quantity of marijuana
27

28                                                2

1   found was possessed for sale based on the quantity found and the
    presence of the scale, the baggies, the scanner, and the cell phone.
2
3          Upon searching a black plastic garbage bag that appellant
    had been carrying when he came out of room 28, Officer Brasil
    found 86 rounds of .22-caliber ammunition inside a wet sock. The
4   bullets found in the gun were the same caliber and made by the
    same manufacturer as those found in the sock. However, those
5   found in the sock were of a slightly different design being "copper
    coated lead round nose" whereas the two bullets in the gun were
6   "lead round nose."

7   People v. Ward, No. H032038, slip op. at 3 (Cal. Ct. App. Feb. 6, 2009) (Pet. Ex.

8   A).

9                              **DISCUSSION**

10  A.        Standard of Review

11         This court may entertain a petition for a writ of habeas corpus "in behalf

12  of a person in custody pursuant to the judgment of a State court only on the

13  ground that he is in custody in violation of the Constitution or laws or treaties of

14  the United States."  28 U.S.C. § 2254(a).

15         The writ may not be granted with respect to any claim that was

16  adjudicated on the merits in state court unless the state court's adjudication of the

17  claim: "(1) resulted in a decision that was contrary to, or involved an

18  unreasonable application of, clearly established Federal law, as determined by the

19  Supreme Court of the United States; or (2) resulted in a decision that was based

20  on an unreasonable determination of the facts in light of the evidence presented

21  in the State court proceeding."  Id. § 2254(d).

22         "Under the 'contrary to' clause, a federal habeas court may grant the writ if

23  the state court arrives at a conclusion opposite to that reached by [the Supreme]

24  Court on a question of law or if the state court decides a case differently than

25  [the] Court has on a set of materially indistinguishable facts."  Williams v.

26  Taylor, 529 U.S. 362, 412-13 (2000).  "Under the 'reasonable application clause,'

27

28                                      3

1   a federal habeas court may grant the writ if the state court identifies the correct

2   governing legal principle from [the] Court's decisions but unreasonably applies

3   that principle to the facts of the prisoner's case." <u>Id.</u> at 413.

4         "[A] federal habeas court may not issue the writ simply because the court

5   concludes in its independent judgment that the relevant state-court decision

6   applied clearly established federal law erroneously or incorrectly. Rather, that

7   application must also be unreasonable." <u>Id.</u> at 411. A federal habeas court

8   making the "unreasonable application" inquiry should ask whether the state

9   court's application of clearly established federal law was "objectively

10   unreasonable." <u>Id.</u> at 409.

11         The only definitive source of clearly established federal law under 28

12   U.S.C. § 2254(d) is in the holdings (as opposed to the dicta) of the Supreme

13   Court as of the time of the state court decision. <u>Id.</u> at 412; <u>Clark v. Murphy</u>, 331

14   F.3d 1062, 1069 (9th Cir. 2003). While circuit law may be "persuasive authority"

15   for purposes of determining whether a state court decision is an unreasonable

16   application of Supreme Court precedent, only the Supreme Court's holdings are

17   binding on the state courts and only those holdings need be "reasonably" applied.

18   <u>Id.</u>

19   B.     <u>Claims</u>

20         Petitioner raises five claims for relief under § 2254: (1) improper

21   admission of prior crimes evidence; (2) improper imposition of consecutive

22   sentences; (3) ineffective assistance of counsel; (4) judicial misconduct; and (5)

23   cumulative error. The claims are without merit.

24         1.     <u>Admission of prior crimes evidence</u>

25         Petitioner claims that the admission of evidence of two prior crimes

26   violated his due process rights. Specifically, he takes issue with the trial court's

27

28                                   4

1   ruling that a prior conviction for sale of cocaine base was admissible to show

2   intent to possess marijuana for sale, and that a prior conviction for armed robbery

3   was admissible to show knowledge and absence of accident or mistake regarding

4   possession of the firearm.  The California Court of Appeal rejected petitioner's

5   claim on direct appeal.

6          The Supreme Court has left open the question whether admission of

7   propensity evidence violates due process.  Estelle v. McGuire, 502 U.S. 62, 75

8   n.5 (1991).  Based on the Court's reservation of this issue as an "open question,"

9   the Ninth Circuit holds that a petitioner's due process right concerning the

10  admission of propensity evidence is not clearly established Supreme Court

11  precedent as required by 28 U.S.C. § 2254(d).  Mejia v. Garcia, 534 F.3d 1036,

12  1046 (9th Cir. 2008); Alberni v. McDaniel, 458 F.3d 860, 866-67 (9th Cir. 2006).

13         Petitioner is not entitled to federal habeas relief on this claim.  It simply

14  cannot be said that the state courts' rejection of the claim was contrary to, or

15  involved an unreasonable application of, clearly established federal law, or was

16  based on an unreasonable determination of the facts.  See Larson v. Palmateer,

17  515 F.3d 1057, 1066 (9th Cir. 2008) (because Supreme Court expressly reserved

18  question of whether using evidence of prior crimes to show propensity for

19  criminal activity could violate due process, state court's rejection of claim did not

20  unreasonably apply clearly established federal law as required by § 2254(d)).

21         2.     Imposition of consecutive sentences

22         Petitioner claims that the trial court improperly imposed

23  consecutive sentences for possession of a firearm and possession of ammunition

24  by a violent felon.  He argues that the sentence violates state law, namely

25  California Penal Code section 654, and is contrary to Apprendi v. New Jersey,

26  530 U.S. 466 (2000), because it was imposed by a judge rather than by a jury.

27

28                                              5

1    Petitioner's claims are without merit.  The state law error claim is not

2    cognizable in federal habeas, see Cacoperdo v. Demosthenes, 37 F.3d 504, 507

3    (9th Cir. 1994) ("whether to impose sentences concurrently or consecutively is a

4    matter of state criminal procedure and is not within the purview of federal habeas

5    corpus"), and the Sixth Amendment Apprendi claim has been rejected by the

6    Supreme Court, see Oregon v. Ice, 555 U.S. 160, 163-64 (2009) (holding that

7    judges may find facts necessary to impose consecutive sentences without

8    violating Apprendi).

9         3.    Ineffective assistance of counsel

10    Petitioner claims ineffective assistance of counsel on the ground

11    that trial counsel failed to interview the motel's cleaning lady before she left the

12    country.  Petitioner argues that the cleaning lady could have provided valuable

13    testimony as to what was in his motel room and bags.

14    The Sixth Amendment guarantees the right to effective assistance of counsel.

15    Strickland v. Washington, 466 U.S. 668, 686 (1984).  To prevail on a claim of

16    ineffective assistance of counsel, petitioner must demonstrate that: (1) "counsel's

17    representation fell below an objective standard of reasonableness," and (2) "counsel's

18    deficient performance prejudiced the defense."  Id. at 687-88.  Concerning the first

19    element, there is a "strong presumption that counsel's conduct falls within the

20    wide range of reasonable professional assistance." Id. at 689.  Hence, "judicial scrutiny

21    of counsel's performance must be highly deferential." Id.  To fulfill the second element,

22    a "defendant must show that there is a reasonable probability that, but for counsel's

23    unprofessional errors, the result of the proceeding would have been different." Id. at

24    694.  "A reasonable probability is a probability sufficient to undermine the confidence

25    in the outcome."  Id.

26    For a federal court reviewing a habeas petition brought by a state prisoner, "[t]he

27

28                                             6

pivotal question is whether the state court's application of the <u>Strickland</u> standard was unreasonable," which "is different from asking whether defense counsel's performance fell below <u>Strickland</u>'s standard."  <u>Richter v. Harrington</u>, 131 S. Ct. 770, 785 (2011). "The standards created by <u>Strickland</u> and § 2254(d) are both 'highly deferential' . . . and when the two apply in tandem, review is 'doubly' so."  <u>Id.</u> at 788.  The court must ask not "whether counsel's actions were reasonable," but "whether there is any reasonable argument that counsel satisfied <u>Strickland</u>'s deferential standard."  <u>Id.</u>

Petitioner's claim is without merit because the state courts' rejection of the claim was not objectively unreasonable.  <u>See</u> 28 U.S.C. § 2254(d).  The Santa Clara County Superior Court denied petitioner's claim on collateral review, finding that petitioner's bare allegation of ineffective assistance was insufficient to establish deficient performance or prejudice.  The court explained that petitioner "failed to show that the alleged witness who the petitioner identifies as the cleaning lady would have provided any testimony that would have made the result more favorable for petitioner.  Her [possible] testimony would only be duplicative of other witnesses and [would] not assist the petitioner's defense."  <u>In re Ward</u>, No. CC617275, slip op. at 1-2 (Cal. Super. Ct. Sept. 8, 2009) (Pet. Ex. B).  The superior court's application of the <u>Strickland</u> standard was not unreasonable.  <u>See</u> <u>Richter</u>, 131 S. Ct. at 785.  After all, it is well established that a petitioner's mere speculation that a witness might have given helpful information if interviewed is not enough to establish ineffective assistance.  <u>See</u> <u>Bragg v. Galaza</u>, 242 F.3d 1082, 1087 (9th Cir.), <u>amended</u>, 253 F.3d 1150 (9th Cir. 2001).  Without a witness declaration showing that she would have provided helpful testimony to the defense, petitioner cannot establish that there is a reasonable probability that the verdict would have been more favorable to him.  <u>See</u> <u>Matylinsky v. Budge</u>, 577 F.3d 1083, 1096-97 (9th Cir. 2009); <u>Bragg</u>, 242 F.3d at 1088.

4.   Judicial misconduct

Petitioner claims judicial bias based on the trial judge's decision to admit evidence of his prior convictions, the trial judge's post-trial comments about his case (e.g., that the prosecution's case seemed "like a slam dunk" going into trial), and the trial judge's denial of his motion for substitute counsel.

The Due Process Clause guarantees a criminal defendant the right to a fair and impartial judge.  See In re Murchison, 349 U.S. 133, 136 (1955).  But a petitioner claiming judicial bias must "overcome a presumption of honesty and integrity" on the part of the judge.  Withrow v. Larkin, 421 U.S. 35, 47 (1975).  Moreover, a claim of judicial bias based on improper conduct by a state judge in the context of federal habeas review does not simply require that the federal court determine whether the state judge's conduct was improper; rather, the question is whether the state judge's conduct "rendered the trial so fundamentally unfair as to violate federal due process under the United States Constitution."  Duckett v. Godinez, 67 F.3d 734, 740 (9th Cir. 1995) (citations omitted).

Petitioner's claim is without merit because the state courts' summary rejection of the claim cannot be said to have been contrary to, or an unreasonable application of, clearly established Supreme Court precedent, or based on an unreasonable determination of the facts.  See 28 U.S.C. § 2254(d).  Nothing about the trial judge's rulings or comments in this case demonstrate the requisite "extremely high level of interference by the trial judge which creates a pervasive climate of partiality and unfairness."  Duckett, 67 F.3d at 740 (citation and internal quotation marks omitted).  After all, "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion."  Liteky v. United States, 510 U.S. 540, 555 (1994); see also Crater v. Galaza, 491 F.3d 1119, 1132 (9th Cir. 2007) (judge's prediction of guilty verdict based on evidence not bias).

8

5.     <u>Cumulative error</u>

Petitioner claims that the cumulative effect of the alleged errors requires federal habeas relief.  The claim is without merit.

The Ninth Circuit has held that in exceptional cases the cumulative effect of several trial errors may prejudice a defendant so much that his conviction must be overturned.  <u>See</u> <u>Alcala v. Woodford</u>, 334 F.3d 862, 893-95 (9th Cir. 2003). This is not one of those cases.  The California Court of Appeal rejected petitioner's cumulative error claim, noting that it had rejected on the merits petitioner's claims of error and concluded that "he received a fair trial."  <u>People v. Ward</u>, slip op. at 27.  It simply cannot be said that the state court's determination was contrary to, or an unreasonable application of, clearly established Supreme Court precedent, or was based on an unreasonable determination of the facts.  <u>See</u> 28 U.S.C. § 2254(d).

/
/
/
/
/
/
/
/
/
/
/
/
/

**CONCLUSION**

For the foregoing reasons, the petition for a writ of habeas corpus is DENIED.[1]

Pursuant to Rule 11 of the Rules Governing Section 2254 Cases, a certificate of appealability (COA) under 28 U.S.C. § 2253(c) is DENIED because petitioner has not demonstrated that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."  Slack v. McDaniel, 529 U.S. 473, 484 (2000).

The clerk shall enter judgment in favor of respondent and close the file. SO ORDERED.

DATED:  04/09/2012

CHARLES R. BREYER
United States District Judge

G:\PRO-SE\CRB\HC.11\Ward, M.11-1714.denial.wpd

---

[1]Contrary to petitioner's suggestion, an evidentiary hearing is not necessary to resolve the clams.  See Totten v. Merkle, 137 F.3d 1172, 1176 (9th Cir. 1998).

10